IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02285-BNB

RONALD ROY HOODENPYLE,

Plaintiff,

v.

MICHAEL PRYOR,

Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC -2 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF
TO FILE AN AMENDED COMPLAINT

---

Plaintiff, Ronald Roy Hoodenpyle, currently resides in Peyton, Colorado. On November 21, 2008, Mr. Hoodenpyle filed with the Court a *pro se* Complaint on a proper Court-approved form. The Court must construe the Complaint liberally because Mr. Hoodenpyle is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Hoodenpyle will be ordered to file an Amended Complaint.

Mr. Hoodenpyle sets forth two claims in which he complains that Defendant Michael Pryor violated his constitutional rights when he classified Mr. Hoodenpyle as a taxpayer, even though he is not subject to the "code;" committed perjury against this Court when he filed a false "pucuement" with the Court; and filed federal tax liens against Mr. Hoodenpyle's social security. As relief, Plaintiff seeks $10,000,000.00 for slander and for clouding the title to his property.

The Court has reviewed the Complaint and has determined that it is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow a court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989).* The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992).* Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Hoodenpyle fails to set forth a short and plain statement of the grounds on which this Court's jurisdiction depends. In other words, he fails to cite the statutory authority that allows this Court to consider the claims he is asserting in this action. Mr. Hoodenpyle also fails to set forth a short and plain statement of his claims showing that he is entitled to relief. It appears that Mr. Hoodenpyle may be seeking review of a tax

lien that was filed against his property and litigated in a prior action in this Court. To the extent Mr. Hoodenpyle is attempting to challenge prior judgments in this Court regarding income tax assessments, the action is improperly before this Court.

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. See *Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Complaint does not meet the requirements of Fed. R. Civ. P. 8(a) and that Mr. Hoodenpyle should be given an opportunity to file an Amended Complaint. He will be directed to do so below.

Mr. Hoodenpyle is advised that, in order to state a claim in federal court, his Amended Complaint must explain what Defendant did to him, when the defendant did it, how Defendant's action harmed him, and what specific legal right Defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Hoodenpyle file, **within thirty days from the date of this Order**, an Amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Hoodenpyle, together with a copy of this Order, two copies of the following form: Complaint. It is

FURTHER ORDERED that if Mr. Hoodenpyle fails within the time allowed to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice.

DATED December 2, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02285-BNB

Ronald Roy Hoodenpyle
P.O. Box 26571
Colorado Springs, CO 80936

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on 12/2/08

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk