IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02285-BNB

RONALD ROY HOODENPYLE,

    Plaintiff,

v.

MICHAEL PRYOR,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 27 2009

GREGORY C. LANGHAM
CLERK

## ORDER DRAWING CASE

Plaintiff, Ronald Roy Hoodenpyle, currently resides in Peyton, Colorado. Mr. Hoodenpyle initiated the instant action on October 22, 2008, by submitting a Civil Complaint to the Court. Upon review of the merits of the Complaint, the Court entered an order, on December 2, 2008, directing Plaintiff to file an Amended Complaint. Plaintiff specifically was instructed to amend the Complaint in keeping with Fed. R. Civ. P. 8(a) and with *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). On December 31, 2008, Plaintiff requested an extension of time to file the Amended Complaint until January 21, 2009. The Court granted the request, and Plaintiff filed an Amended Complaint within the time allowed.

In the Amended Complaint, Plaintiff asserts that Defendant Michael Pryor, an Internal Revenue Agent, exceeded his statutory authority under Title 26 of the United States Code when he executed federal tax liens against Plaintiff in the absence of due process of law, judicial authority, or the issuance of a valid judgment from a court of

competent jurisdiction supporting said liens or levies. Plaintiff further cites to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), as a basis for his right to recovery due to the violation of his due process rights. Plaintiff seeks $10,000,000 in damages.

Plaintiff also contends that Defendant Pryor has acted in violation of 18 U.S.C. §§ 241, 242, 894, 1341, 1344, 1346; 26 U.S.C. §§ 6332, 7214(a)(1) (2), and (7); and 31 C.F.R. § 0.208. Plaintiff's reliance on the identified sections of Title 18 and 26 of the United States Code and of the section of the Code of Federal Regulations is misplaced for purposes of jurisdiction. Plaintiff fails to invoke the language of the statutes and of the federal regulation and to assert any facts that would give rise to a claim under each of these statutes.

Plaintiff indicates that he is asserting claims against Internal Revenue Agent Pryor in his individual capacity under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff alleges the following:

> Defendant egregiously, with malice, forethought and full knowledge of his actions committed the following against [ ] [Plaintiff] absent any Due Process of Law and or Judicial Authority;

> Assessed Plaintiff, declaring a legal determination as to a federal tax liability and setting Plaintiffs [sic] status in violation of Executive Order 13132(2)(d), absent any judicial hearings, then filed Notices of Federal Tax Liens in the County Clerk and Recorders Office of El Paso County, in clear violation to the filing requirements as to real property and void of any due process. (See attached Liens)

> Violated Plaintiff's Thirteenth Amendment [r]ight[s] against slavery by forcing peonage

2

> upon Plaintiff, by taking 100% of his only
> income in the form of Social Security benefit
> payments, through a fraudulent levy to cause
> Plaintiff to become destitute and submit to [ ]
> [Defendant's] demands outside of the law.

(Am. Compl. at 4.)

*Bivens* claims are not available in the instant action because there is a statutory provision that provides alternative remedies for the types of wrongs Plaintiff asserts. As the Tenth Circuit explained in ***National Commodity and Barter Ass'n, National Commodity Exchange v. Gibbs***, 886 F.2d 1240, 1248 (10th Cir. 1989):

> The same considerations which led the Supreme Court in
> [*Schweiker v. Chilicky*, 487 U.S. 412 (1988)] to conclude
> that the recognition of a *Bivens* claim would be
> inappropriate [in a claim involving the social security system,
> *i.e.*, the presence of an elaborate mechanism for the
> resolution of claims] are applicable here with respect to the
> NCBA's allegations of violations of the fifth amendment due
> process clause and of various provisions of the Internal
> Revenue Code. Although there may be no established
> mechanism for the recovery of damages against federal
> authorities for unconstitutional conduct, the unavailability of
> complete relief does not mandate the creation of a *Bivens*
> remedy when other "meaningful safeguards or remedies for
> the rights of persons situated as were the plaintiffs" are
> available. In this case, the NCBA has recourse to challenge
> the legality of the penalty assessment under several
> provisions of the Internal Revenue Code.

*Accord Dahn v. United States*, 127 F.3d 1249, 1254 (10th Cir. 1997) (holding that "in light of the comprehensive administrative scheme created by Congress to resolve tax-related disputes, individual agents of the IRS are also not subject to *Bivens* actions"). The conduct which gives rise to the instant action is the government's efforts to collect on the judgment entered on March 1, 2007, in ***United States v. Hoodenpyle***, No. 05-

3

cv-02230-WDM Doc. No. 38 (D. Colo. Mar. 19, 2007). Plaintiff has an alternative remedy, however, other than a *Bivens* action for money damages, and one which is specifically designed to address the particular problems involved here. In particular, 26 U.S.C. § 7433 allows a taxpayer to bring a civil action against the United States when an employee of the Internal Revenue Service, in collecting any federal tax, "recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title." *See* § 7433(a). Here, as in the *Gibbs* case, Plaintiff has a means to challenge the legality of the agent's acts under provisions of the Internal Revenue Code. It would be inappropriate to recognize a *Bivens* remedy under these facts. *Gibbs*, 886 F.2d at 1248.

In accordance with 26 U.S.C. § 7433, the proper defendant in an action seeking civil damages for certain unauthorized collection actions is the United States of America. Therefore, Defendant Michael Pryor will be substituted with the United States.

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that this case does not appear to be appropriate for summary dismissal. Accordingly, it is

ORDERED that the Clerk of the Court shall substitute the United States of America for Mr. Pryor as the properly named Defendant in this action. It is

FURTHER ORDERED that Plaintiff's claims as raised pursuant to 26 U.S.C. § 7433 shall be assigned to Judge Phillip A. Brimmer pursuant to D.C.COLO.LCivR 40.1C.1., and to Magistrate Judge Kathleen M. Tafoya.

4

DATED January 26, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02285-BNB

Ronald Roy Hoodenpyle
P.O. Box 26571
Colorado Springs, CO 80936

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/27/09.

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk