IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–02285–PAB–KMT

RONALD ROY HOODENPYLE,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case involves claims that Defendant violated Plaintiff's Fourth and Fifth Amendment rights. This matter is before the court on "The United States' Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim upon Which Relief Can Be Granted" ("Mot.", Doc. No. 19, filed February 11, 2009). Plaintiff did not file a response to the motion. The motion is ripe for review and recommendation.

### STATEMENT OF THE CASE

The following facts are taken from Plaintiff's First Amended Complaint and the Motion to Dismiss. Plaintiff alleges that the defendant "attacked Plaintiff's Fourth and Fifth Amendment Rights by filing Notices of Federal Tax Liens against Plaintiff's property, seizing bank accounts and, Social Security benefit payments absent due process of the law and absent judicial order/decree." (First Am. Compl. at 2 [hereinafter "Compl."] [filed January 21, 2009].) Plaintiff

asserts that the taking of his Social Security benefit payments and the seizure of his bank accounts absent any court order or other judicial authority is a violation of his Fourth and Fifth Amendment rights.  (*Id.* at 3.)  Plaintiff claims he has been harmed "emotionally, financially and commercially."  (*Id.* at 5.)  He alleges that due to the defendant's actions he has been unable to exercise his rights to life, liberty, and the pursuit of happiness.  (*Id.*)  Plaintiff seeks damages in the amount of ten million dollars.  (*Id.*)

## PROCEDURAL HISTORY

Plaintiff filed this action against IRS Revenue Officer Mike Pryor on October 22, 2008. (Doc. No. 3.)  Plaintiff filed an Amended Complaint on November 21, 2008, and another Amended Complaint on January 21, 2009, following Magistrate Judge Boyd N. Boland's Order of December 2, 2008, that identified defects in Plaintiff's pleadings.  (*See* Doc. Nos. 4, 8, 13.)  On January 27, 2009, Magistrate Judge Boland filed an Order Drawing Case that substituted the United States as the proper defendant in place of Revenue Officer Pryor and construed Plaintiff's claim as one for damages for unlawful collection actions under 26 U.S.C. § 7433.  (Doc. No. 15.) Defendant moves to dismiss Plaintiff's Complaint on the bases that (1) Plaintiff failed to exhaust his administrative remedies under § 7433; and (2) Plaintiff does not state a claim for damages under § 7433 because the filing of a notice of federal tax lien does not require a court judgment. (Mot.)

**STANDARD OF REVIEW**

1.   **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

2.   *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1) (2008). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that

3

the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this court has jurisdiction to hear his claims.

## ANALYSIS

### 1.     *Exhaustion of Administrative Remedies*

Defendant argues that Plaintiff has failed to exhaust his administrative remedies. Exhaustion is required by 26 U.S.C. § 7433, and failure to exhaust would therefore deprive this court of jurisdiction to hear the case. *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994).

The administrative remedies with which a taxpayer must comply are described in 26 C.F.R. § 301.7433-1(e). Specifically, the taxpayer must file an administrative claim, in writing, for the lesser of $1,000,000.00 or the actual, direct damages resulting from the unlawful tax collection that is actionable under 26 U.S.C. § 7433. *See* 26 C.F.R. § 301.7433-1(e)(1). The administrative claim must contain: (i) the taxpayer's identity, contact information, and times in which it is most convenient for the IRS to contact the taxpayer; (ii) detailed grounds for the claim;

(iii) a description of the injuries suffered by the taxpayer leading to the claim; (iv) the dollar amount of the claim, including reasonably foreseeable damages not yet suffered; and (v) the signature of the taxpayer or the taxpayer's authorized representative. *See* 26 C.F.R. § 301.7433-1(e)(2)(i)-(v).

The Complaint fails to plead that the plaintiff exhausted his administrative remedies within the IRS as § 7433(d)(1) plainly requires. Moreover, the plaintiff failed to file a response to the motion to dismiss. The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Plaintiff has failed to meet this burden. Accordingly, Plaintiff's Complaint is properly dismissed for lack of jurisdiction.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that "The United States' Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim upon Which Relief Can Be Granted" ("Mot.", Doc. No. 19) be GRANTED, and that this case be dismissed in its entirety, without prejudice.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or

for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 12th day of June, 2009.

**BY THE COURT:**

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge