**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Philip A. Brimmer**

Civil Case No. 08-cv-02285-PAB-KMT

RONALD ROY HOODENPYLE,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

**ORDER ACCEPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the United States' motion to dismiss [Docket No. 19]. On June 12, 2009, Magistrate Judge Kathleen M. Tafoya filed a Recommendation of United States Magistrate Judge recommending dismissal of plaintiff's complaint for lack of jurisdiction [Docket No. 26]. On June 23, 2009, plaintiff filed an objection to this recommendation [Docket No. 27].

As a threshold matter, a portion of plaintiff's objection takes issue with a January 27, 2009 order of Magistrate Judge Boyd N. Boland [Docket No. 15]. In that order, Magistrate Judge Boland construed plaintiff's complaint to raise a *Bivens*[1] claim against an individual Internal Revenue Service ("IRS") agent, found that such a claim would be inappropriate given the statutory remedy for reckless tax collections provided by 26 U.S.C. § 7433, and therefore substituted the United States for the individual agent and

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

permitted plaintiff's claims to go forward under § 7433.  Order Drawing Case [Docket No. 15] at 2-4.  On February 25, 2009, plaintiff filed a challenge to this order – titled an "Action in Common Law Against Michael Pryor In His Individual Capacity As Defendant" [Docket No. 21] – in which plaintiff objected to the substitution of the United States for the individual agent on the ground that the United States is a fictitious party and that the IRS is not a federal agency.  I construe this as an objection to Magistrate Judge Boland's order, and consider that objection here.[2]

An objection to a recommendation or order of a magistrate judge must be filed within ten days of service.  Fed. R. Civ. P. 72.  Plaintiff's objection, filed nearly a month after Magistrate Judge Boland's order, is untimely.  An untimely objection to a magistrate judge's order on a nondispositive matter is completely waived.  Fed. R. Civ. P. 72(a).  On the other hand, where the magistrate judge is ruling on a matter "dispositive of a claim or defense," an untimely objection is still reviewed, but only to determine whether there is "clear error on the face of the record"[3] rather than de novo.  *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Magistrate Judge Boland's order substituted one claim and party for another, but permitted the essence of plaintiff's claim to proceed.  It is not clear whether this is a "dispositive" ruling.  In any event, even

---

[2] As noted above, plaintiff also raises arguments concerning Magistrate Judge Boland's order in his June 23, 2009 objection to Magistrate Judge Tafoya's recommendation.  Plaintiff does not get two bites at the apple, and therefore I consider only the arguments raised in the February 25, 2009 pleading first objecting to Magistrate Judge Boland's order.

[3] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

assuming plaintiff's objection should be reviewed for clear error (rather than waived altogether), I have reviewed Magistrate Judge Boland's order and find no clear error on the face of the record in the substitution of a § 7433 claim against the government for plaintiff's *Bivens* action against the individual agent.  *See, e.g.*, *Dahn v. United States*, 127 F.3d 1249, 1254 (10th Cir. 1997) ("[I]n light of the comprehensive administrative scheme created by Congress to resolve tax-related disputes, individual agents of the IRS are . . . not subject to *Bivens* actions").

I turn now to the Recommendation of Magistrate Judge Tafoya that plaintiff's claims be dismissed for lack of jurisdiction.  Magistrate Judge Tafoya specifically recommended that, because plaintiff failed to exhaust the administrative remedies required by § 7433, this Court did not have jurisdiction to hear his claim.  Unlike his objection to Magistrate Judge Boland's order, plaintiff did timely file an objection to this recommendation.  However, objections must be both timely *and specific* to preserve de novo review.  *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Plaintiff's objection again contests the propriety of substituting the government for the individual IRS agent and challenges the constitutionality and scope of the government's taxing power, but does not specifically address Magistrate Judge Tafoya's recommendation of dismissal on exhaustion grounds.  In the absence of a specific objection, I will review this recommendation under the same standard as I reviewed Magistrate Judge Boland's ruling – to satisfy myself that there is "no clear error on the face of the record."  Based on this review, I have concluded that Magistrate Judge Tafoya's Recommendation is a correct application of the facts and the law.  I therefore agree that plaintiff's claims must be dismissed.  If and when plaintiff properly

exhausts his administrative remedies pursuant to 26 U.S.C. § 7433(d)(1), this order does not bar plaintiff from re-filing his claims, if appropriate.

Accordingly, it is

ORDERED as follows:

1. The Recommendation of United States Magistrate Judge [Docket No. 26] filed by Magistrate Judge Kathleen M. Tafoya on June 12, 2009 is ACCEPTED.

2. To the extent that the Order Drawing Case [Docket No. 15] entered by Magistrate Judge Boyd N. Boland on January 27, 2009 is construed as a recommendation of dispositive action, that recommendation is also ACCEPTED.

3. The United States' Motion to Dismiss [Docket No. 19] is GRANTED.

4. Plaintiff's claims are DISMISSED without prejudice.

DATED September 30, 2009.

                                            BY THE COURT:

                                            s/Philip A. Brimmer
                                            PHILIP A. BRIMMER
                                            United States District Judge